The first case on the call this morning is 5-17-160. People v. Cristel, are you ready to proceed? Yes, Your Honor. May it please the Court, counsel. Try to speak up too, because if you're recording it, you don't have to speak up. Yes, Your Honor. May it please the Court, counsel. Assistant Appellate Defender, In Sun Nam, on behalf of Terry Cristel. There are four arguments on appeal. The only focus today will be on the last argument due to the relief being requested in argument four. Accordingly, the only question before this Court this morning is whether the trial court erred in denying Mr. Cristel's motion to vacate his guilty plea. One second, please. I'm sorry. No, don't talk. No, no, no. I'm sorry. How about that? And we won't count this down against you. I know you want me to have my notes. Okay, you can go ahead. Thank you. May it please the Court, counsel. Assistant Appellate Defender, In Sun Nam, on behalf of Terry Cristel. There are four arguments on appeal. The only focus today will be on the last argument due to the relief that we're requesting. Accordingly, the only question before this Court is whether the trial court erred in denying Mr. Cristel's motion to vacate his guilty plea, where the record shows that the trial court failed to substantially comply with Illinois Supreme Court Rule 402B. Is this issue moot if the State concedes the first two issues? No, Your Honor. So that would put him back to post-plea proceedings. This has the potential for going back, you know, with the motion to withdraw, so withdrawing his guilty plea. So that would be – actually, the other two would be moot if this Court decides to withdraw his guilty plea. But what if they find that there was ineffective assistance to counsel? Well, if we withdraw the guilty plea, they can address that at that point, if the same attorney is even appointed at this point. So this would put it back beyond before what would happen if the first two – if the Court only agrees on the first two arguments. All right. So the State concedes Issue 2. Yes, Your Honor. For a Krinkle hearing. Yes, Your Honor. And if the Krinkle hearing – if at the Krinkle hearing the Court finds there was ineffective assistance to counsel? That's correct, Your Honor. Then you believe the admonishment issue is still – or, I'm sorry, the motion to vacate the guilty plea would still be an issue? Yes, Your Honor. Okay. So this would put it back before even meeting that Krinkle in the first place. Okay. That's what I think, too. Thank you. Specifically, Rule 402B states that the trial court shall not accept a guilty plea without first determining that the plea is voluntary. And to do that, you have to determine whether there was any force, threats, or any promises other than the plea agreement that were used to get the defendant to plead guilty. So to quickly review Mr. Kristol's facts, he was charged with two counts. So one count was an attempted burglary at this laundromat, so the Trenton Coin Laundry. It was alleged that he exerted force on that locked door and attempted to enter the building to steal change. That was a Class III. The second count that he was charged with was a theft for exerting unauthorized control over another person's power miter saw and intending to permanently deprive that person of use and benefits of that saw. That would have been a misdemeanor, but it was enhanced to a felony due to a 2002 CF-164 conviction from Clinton County, which ultimately becomes an issue in this case because that conviction doesn't exist. So it would have been a misdemeanor, but the state charged it as a felony because of that prior robbery conviction that everyone thought that he had. So Mr. Kristol ends up pleading guilty for a certain IDOC sentence and dismissal of other charges, including this count, too. When he pled guilty, the court didn't ask him any of the Rule 402B matters, so being threatened or forced or coerced or being promised anything other than the plea, and while substantial compliance isn't necessary here, there were no questions that went to 402B. And as we briefly discussed, he did sign a waiver, but that waiver didn't close that gap that the trial court left. That waiver was a very basic waiver saying I'm waiving my right to a jury trial and that I was charged by a bill of indictment, information, or complaint. And here, because the court didn't make any effort to determine whether the plea was voluntary, this kind of leads to Mr. Kristol's argument post-plea and post-sentencing that he felt that he was kind of threatened. So he makes a claim later that he felt that he was kind of threatened, and as the record shows, or at least Mr. Kristol says that, he was a diagnosed paranoid schizophrenic, he has anxiety, he was manic depressive, he had seizures and ADHD. With all of that, he said that he felt threatened to plead guilty because of that 2002 conviction that was used to enhance count two. And that was the issue. It no longer existed. And he says in part he pled guilty due to that enhancement from a misdemeanor to a felony. He also made claims that he had a defense if he did go to trial. He had a defense based on the DNA evidence from the Trenton Coin Laundry. He stated that the laundromat was open 24-7, that there were no locked doors, that he couldn't have tried to force open a locked door. And I think he made claims that the only witness that the state had was one of his friends. So he tried to at least put forth some testimony or some evidence throughout the record that he did have a defense or he could have gone to trial. Had it not been for him being threatened with the enhancement and the trial attorney or the plea attorney failing to look into that. So here, the trial court not asking the 402B admonishments led directly to Mr. Crystal's claims post-plea. And he, as I stated, he does try to support his claims with evidence that he would have gone to trial and he did have a defense. So for all of these reasons, unless this court has any other questions, we're asking that he be able to withdraw his guilty plea or that the trial court erred in denying his motion to withdraw his guilty plea. Because his plea wasn't knowing and voluntary because of the 402B admonishments not being present when he pled guilty. So the relief you're asking for is a finding that the 402B admonishments were inadequate? That's correct, Your Honor. In addition to his motion not being granted. So are you asking us to declare that the motion should have been granted or that it was erred not to grant it? The motion should have been granted and I guess that would also mean that it was erred not for the trial. Well, I think both of them would apply here because of the arguments that were made in the briefs. Okay. Thank you, Your Honor. I'll be back on rebuttal if you have any other questions. Emily? May it please the Court, Counsel, Jessica Book for the people, Your Honors. I first want to point out that on page 17 of my brief, I referred to the 2002 conviction as a 2003 conviction and I want to apologize for that. It should all be the 2002 conviction. It is our position with regards to Issue 4 that the trial court did substantially comply with Rule 402 and also that defendant waived or forfeited that argument because he never objected at the plea hearing that he wasn't admonished properly to 402. It was not raised in his pro se post-petition petition as a grounds for withdrawing his plea. And then when he was appointed counsel post-plea, the amended petition also did not raise it. So it's our position that it is waived. And if we were to do the plain error analysis, the State also believes that the defendant can't meet his burden that he was either dismissed or that the evidence was closely balanced in the error to the scales or that he was prejudiced by the error. Also at issue is whether the Court substantially complied with Rule 402. The State doesn't believe that defendant then should be allowed to proceed on and be allowed to have a plea hearing that determined whether or not the trial court erred in dismissing his plea to withdraw his or dismissing his motion to withdraw his plea. At issue is just whether the trial court complied with Rule 402. I also wanted to point out in Issue 2, when you ask whether it would render Issue 4 moot, Issue 2 pertains to post-plea counsel and Attorney Gosia. In Issue 4, all the ineffective assistance of counsel arguments that defendant raises apply to Bergman, who was the trial counsel or plea. He was there for the plea, but then Gosia was appointed for all the post-plea stuff. So defense counsel is correct when it says that 4 is separate from 2. But what if we turned it the other way? What if we agree with the defendant on Issue 4, then would you say Issues 1, 2, and 3 are then moot? If he's allowed to withdraw his guilty plea? Yes, Your Honor. As far as whether defendant was prejudiced to meet the second prong of plain error, the defendant has not met that burden. Defendant pled guilty to Count 1. He had another felony count dismissed, and he had other misdemeanor counts in other cases dismissed. He was sentenced to 42 months in the Department of Correction when he was actually facing up to 10 years in DOC for Count 1. Was there any notice to the trial court of the defendant's known illness, schizophrenia, manic-depressant situation? No. Defendant did not raise that at any point during the plea. He did not bring it up when he was questioned, and he was questioned very thoroughly by the court. He did not raise that at any point with regard to that issue of his schizophrenia. In fact, he was able to tell the court he was 54 years old, so he wasn't a juvenile. He has a criminal history where he's had contact with court before. He was able to read and write, and then the court actually, I want to point out, on 169 of the record, all right, the court says, is there anything about today that is getting in the way of him making a clear decision, be it medical, mental, physical, or otherwise? So he specifically asked the defendant if there were any medical issues that would affect him entering into the plea agreement, and the defendant said, no, Your Honor. The court goes on to say, has Mr. Bergman done a good job for you? Oh, yes, yes, Your Honor. Have you had sufficient time to talk it over with him? Oh, yes. So the court did ask him, and the defendant, had he had an issue, could have and should have raised it at that time. He did not. It only comes up after he enters into the plea, post-plea, when it gets raised. Also, with issue, with the issue of ineffective assistance of counsel, defendant did not challenge Bergman's ineffective assistance of counsel. He only challenged Goja's ineffective assistance of counsel. If there had been a problem, he had every right to challenge the ineffective assistance of Bergman at any time. But at issue here, he's challenging Goja's ineffective assistance of counsel in the actual crinkle framework, where here it's kind of lumped and rolled into whether or not the court made sure the defendant voluntarily entered into the plea. And the court did make sure he voluntarily entered into the plea. Just because he didn't say, do you voluntarily enter into the plea, doesn't mean that the court did not determine that he did. The court did. The court made sure he was old enough, made sure he could read and write, old enough to understand what was going on, made sure he could read and write, asked him if he made his decision free of all these hindrances that the defendant could have raised and he did not. And the defendant said that Bergman did a good job, and he understood what was going on. He understood the plea, and then he signed the plea agreement. Granted, the plea agreement is not as thorough as the plea agreement was in other cases, but the plea agreement being signed and the defendant saying he understood it, in addition to all the admonishments the court gave him, establishes that the court determined that his plea was voluntary. Therefore, the defendant cannot be prejudiced by the error of not actually saying, do you voluntarily enter into this plea? Also, to address the 2002 conviction being enhanced, if defendant is arguing that he only entered into the plea agreement because he thought that he was getting rid of a felony in count two. So he pleaded to one felony, but he was getting another felony dismissed, but it turns out the 2002 conviction didn't actually elevate it. He has other convictions that could have elevated it. So if this were to be sent back because the conviction that the state relied on and the court relied on to bump it up to a felony in count two, all they'd have to do is cross out the original felony enhancement, the case, and write in the new case. I mean, defendant committed a retail theft and was convicted in 2013 of retail theft, which is before this case. He knew he had other felonies, and he's relying on the state's error in selecting a wrong case from 2002. So to say that he wouldn't have done any of this had he known that it was actually misdemeanor instead of felony. That wasn't brought out of the trial court. In fact, that's one of the issues, is that this prior criminality was not brought out at all. No, it was not brought out. I mean, the state has conceded the sentencing under 730 ILCS 5-5-3-3.1 was inadequate, right? Yes. It would have been the prior criminality. So back to the 2013 conviction, as you just described, the trial court, I mean, none of that came out. It may be imprudent of the defendant to be doing this, but... Yes, and had the defendant raised the issue when he was having his 402 admonishments that this was an error, and the 2002 case, he could have said, Your Honor, I'm looking at this. I don't understand what I'm pleading to in the plea agreement, because this 2002 conviction wasn't actually a conviction. But he didn't raise any of that. So, yes, the court didn't say, hey, we need to cross out the 2002 conviction and write in the 2013 conviction so the defendant's aware of the specific prior conviction. But the defendant was aware of it, because he committed it. And granted, it wasn't brought out there, but I have supplemented the record with proof of the conviction. So it's now part of the record on appeal. I mean, we can only go by what the trial court knew at the time. I recognize you've supplemented the record. Yes. But the admonishment is on the court to make sure that the plea was voluntary under the circumstances present at that time. Yes, and the court did determine that the plea was voluntary. The record shows that the court went through very carefully and asked the defendant many questions. Are you free from medical, physical hindrances? I mean, were you coerced into doing this? And the defendant never said that he was coerced. He said, no, I'm free of it. I made this decision on my own. And the court was very careful to determine that the plea was voluntary. Are there any other questions? Thank you. I would just like to make three points. So I think the question of the medical and mental health issues come up. So the court did ask him, are you taking any medication? Are there any reasons why there would be a problem today? He says no, but then his claims later on are that he wasn't taking his medication and that he does have all of these mental health issues, especially he's anxious, he's very chronic, he's manic-depressive. He's saying he wasn't taking his medication and this medication was needed. So I think that at least affects his answer or his, I guess, his pattern of answers in the guilty plea hearing. So that should be a consideration. There's also claims of ineffective assistance of post-plea counsel and plea counsel. In our opening briefs on pages 7 and 8, it kind of addresses at least this pro se before post-plea counsel is appointed, pro se claims of ineffective assistance of plea counsel, and that's some of the issues that come up, especially with the 2002 conviction where he claims that he asked his attorney and his attorney either didn't look into it or, you know, didn't mention it, and that kind of led to him pleading guilty with that 2002 conviction. And just to, as a final matter for that other 2013 conviction, even if that was, you know, there, the trial court wasn't able to hear that, the 2013 conviction, and the state has to give notice to the defense. So we don't know exactly what the state would have done if everyone knew that the 2002 conviction wasn't a viable conviction. We don't know if the state would have gone back in and put in the 2013 conviction or whatnot. Plus, the defense had no notice of it, so Mr. Crystal wouldn't have known it. And had he known it, maybe this wouldn't have come to this. Maybe his plea would have actually been knowing and voluntary because he would have had notice that he was being elevated for not the conviction that doesn't exist, but for a conviction that did exist. So that notice has to be given, and that's in a reply brief on page 7 discussing the statute that requires the state to give notice to the defendant for these other convictions that would elevate the sentence or enhance the sentence, or the class of the sentence, yes. Unless there's any other questions for others? No, thank you very much.